IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEATRICE RIVERA, o/b/o Minor Child T.A., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIV. ACT. NO. 1:22-cv-349-TFM-B |
| ARLINGTON COUNTY DEPARTMENT OF HUMAN SERVICES, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On September 2, 2022, Plaintiff Beatrice Rivera filed this case on behalf of Minor Child T.A. *See* Doc. 1. The Court noted several deficiencies and ordered her to correct them by October 7, 2022. *See* Doc. 2. No response was filed. So the Court entered a second order reiterating the deficiencies and warning Plaintiff that if she failed to comply with the directive by October 31, 2022, that this case would be dismissed for lack of jurisdiction and failure to prosecute and comply with Court orders. *See* Doc. 3. That order was returned on November 2, 2022 as "return to sender, attempted – not known, unable to forward." *See* Doc. 4.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven

a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Since the filing of his complaint, there has been no additional action by the Plaintiff despite several orders for her to pay the filing fee or a motion to proceed *in forma pauperis*. Additionally, the Court noted that Plaintiff could not proceed *pro se* on behalf of another person and that there were jurisdictional concerns as to this federal lawsuit. Finally, Plaintiff failed to advise the Court of her change in address. All of these together merit dismissal of this case for lack of jurisdiction and, alternatively, pursuant to Rule 41(b).

This action is **DISMISSED without prejudice** for lack of jurisdiction and alternatively failure to prosecute and failure to obey court orders.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 22nd day of December, 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE